UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN ARRENDONDO-VALENZUELA,

Petitioner,

v.

DAVID ORTIZ,

Respondent.

Civil Action No. 18-6664 (RBK)

OPINION

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner Martin Arrendondo-Valenzuela is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated below, the Court will dismiss the Petition for lack of jurisdiction.

I. BACKGROUND

The Court will construe the factual allegations in the Petition as true for the purpose of this Opinion. In 2009, Petitioner pleaded guilty pursuant to a plea agreement to conspiracy to distribute and to possess with intent to distribute 50 grams or more of methamphetamine. The United States District Court for the District of Kansas sentenced Petitioner to 360 months in prison.

According to Petitioner, his trial counsel made a number of misrepresentations stating or implying that pleading guilty "would lead to an expedited deportation back to Mexico" without spending any more time in prison. (ECF No. 1-2, at 8, 12). Petitioner, who is unable to "grasp and comprehend the intricate details of the [English] language," relied on those false representations, such that they "induced" him into accepting the plea agreement. (*Id*. at 2, 4). Petitioner also maintains that he never received a Spanish translation of his plea agreement and questions the integrity or ability of the interpreter at his hearings. Ultimately, Petitioner "submits that had he

understood that he was to be imprisoned for . . . thirty years, instead of deported, he would not have entered into a plea." (*Id*. at 4).

Petitioner appealed, and the Government moved to enforce the appeal waiver provision in the plea agreement. The Tenth Circuit granted the motion to enforce and dismissed the appeal. *United States v. Arrendondo-Valenzuela*, 380 F. App'x 755, 756 (10th Cir. 2010). Thereafter, Petitioner filed a motion under 28 U.S.C. § 2255 challenging, among other things, the voluntariness of his plea, and the sentencing court denied that motion. *United States v. Arrendondo-Valenzuela*, No. 10-2497, 2011 WL 13619, at *1 (D. Kan. Jan. 4, 2011). Petitioner also attempted to file a second § 2255 motion, and the sentencing court dismissed the motion for lack of jurisdiction as second or successive. *United States v. Arrendondo-Valenzuela*, 692 F. App'x 504 (10th Cir. 2017). The Tenth Circuit denied a certificate of appealability and dismissed the matter. *Id*.

Petitioner then filed the instant Petition, contending that he received ineffective assistance of counsel and challenging whether he entered into his plea agreement knowingly and voluntarily.

## II. STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

## III. DISCUSSION

Petitioner challenges his conviction and sentence in this 28 U.S.C. § 2241 federal habeas action. Generally, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

3

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over Petitioner's petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

Here, Petitioner fails to allege facts sufficient to bring his conviction within the *Dorsainvil* exception. Petitioner does not allege that he is "actually innocent" *as a result of a retroactive change in substantive law* that negates the criminality of his conduct. Rather, he contends that his trial counsel was ineffective throughout the plea and sentencing process, and for failing to raise a diminished capacity defense. More specifically, Petitioner contends that counsel made a number of misrepresentations, such that the plea "would lead to an expedited deportation back to Mexico" without spending any more time in prison. (ECF No. 1-2, at 8, 12). Allegedly, those misrepresentations combined with Petitioner's limited understanding of the English language and

4

failure to receive a translated copy of the plea agreement, caused him to enter into the plea "unknowingly" and "unintelligently," rendering his plea "involuntary." (*Id*. at 4, 9).

The Court finds that these allegations, accepted as true, would not necessarily demonstrate that "some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication." *Cradle*, 290 F.3d at 538; *see also Massey v. U.S.*, 581 F.3d 172, 174 (3d Cir. 2009). "A motion under § 2255 is the appropriate means to challenge the constitutionality of his [incarceration] based on ineffective assistance of counsel and failure to deliver a voluntary and knowing plea." *Ward v. United States*, No. 08-889, 2008 WL 2622785, at *2 (D.N.J. June 27, 2008); *see, e.g.*, *United States v. Travillion*, 759 F.3d 281, 288–89 (3d Cir. 2014); *Milligan v. Samuels*, No. 06-1361, 2006 WL 1207978, at *2 (D.N.J. May 2, 2006) (holding that a motion under § 2255, not a petition under § 2241, is the appropriate means to challenge a sentence based on the alleged unknowing or involuntary nature of a plea).

Consequently, the Court rejects Petitioner's argument that § 2255 is ineffective merely because he believes[1] that he waived his right to file a § 2255 motion as part of his plea agreement. Once again, it "is the inefficacy of the remedy, not [Petitioner's] *personal inability to use it*, that is determinative." *Cradle*, 290 F.3d at 538 (emphasis added).

In any event, it appears that Petitioner filed at least one[2] § 2255 motion challenging, among other things, the voluntariness of his plea, and the sentencing court denied that motion.

---

[1] There are certain circumstances in which a petitioner may file a § 2255 motion, despite the presence of a collateral attack waiver provision in their plea agreement. *See, e.g.*, *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001); *Jones v. United States*, No. 13-3748, 2016 WL 81253, at *5 (D.N.J. Jan. 7, 2016); *see also United States v. Mabry*, 536 F.3d 231, 236 (3d Cir. 2008), *abrogated on other grounds by, Garza v. Idaho,* 139 S. Ct. 738 (2019).

[2] Petitioner also attempted to file a second § 2255 motion, and the sentencing court dismissed the motion for lack of jurisdiction as second or successive. *Arrendondo-Valenzuela*, 692 F. App'x 504. Thereafter, the Tenth Circuit denied a certificate of appealability and dismissed the matter. *Id*.

*Arrendondo-Valenzuela*, 2011 WL 13619, at *1. Once again, Section 2255 is not somehow inadequate or ineffective in this case merely because the sentencing court rejected his arguments. *See Cradle*, 290 F.3d at 539.

Finally, the Court also rejects Petitioner's argument that the Supreme Court's decision in *Class v. United States*, 138 S. Ct. 798, 803 (2018), "opens up a portal to challenging a waiver of appeal and post-conviction avenues." (ECF No. 1-2, at 8). In *Class*, "the Supreme Court held that a guilty plea, by itself, does not bar a defendant from later appealing his conviction on the ground that the statute of conviction violates the Constitution." *Carvlin v. United States*, No. 09-36, 2018 WL 5078351, at *3 (M.D. Pa. Oct. 18, 2018) (quoting *Scott v. United States*, No. 13-223, 2018 WL 1521792, at *2 (S.D. Ohio Mar. 28, 2018)). Petitioner does not, however, challenge the constitutionality of the statute of his conviction; he is challenging his conviction and sentence itself as unconstitutional due to the ineffective assistance of counsel, or because his plea was otherwise involuntary. These challenges were "available to [Petitioner] long before *Class*." *Id*. (citing 28 U.S.C. § 2255(a) (permitting a collateral attack for a sentence "imposed in violation of the Constitution"); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

Accordingly, since the *Dorsainvil* exception does not apply here, this Court lacks jurisdiction to entertain this challenge to Petitioner's conviction. Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Tenth Circuit to file a second or successive petition. 28 U.S.C. § 2244(b)(3). This Court finds that it is not in the interests of justice to transfer this Petition to the Tenth Circuit as it does not appear that Petitioner can satisfy the requirements of § 2244(b)(2).

6

However, this Court's decision to not transfer the case does not prevent Petitioner seeking permission from the Tenth Circuit on his own.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction. An appropriate order follows.


DATED: June 27, 2019                              s/Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge